# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 20, 2020

Lyle W. Cayce
Clerk

No. 19-60852
Summary Calendar

Siria Rosario Estrada-Zambreno; Willy Jahir Murillo-Estrada; Marbella Guadalupe Ramos-Estrada; Owen Gerardo Cruz-Estrada,

*Petitioners*,

*versus*

William P. Barr, U. S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 999 164
BIA No. A209 999 165
BIA No. A209 999 166
BIA No. A209 999 167

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5TH Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH Cir. R. 47.5.4.

No. 19-60852

Siria Rosario Estrada-Zambreno and her three minor children, Willy Jahir Murillo-Estrada, Marbella Guadalupe Ramos-Estrada, and Owen Gerardo Cruz-Estrada, are natives and citizens of Honduras who concede that they are removable from the United States for entering without authorization. Through Estrada-Zambreno, they applied for asylum and withholding of removal.

At her removal hearing, Estrada-Zambreno testified that she had to close her beauty salon in Honduras because she received a note from a gang demanding money, and her failure to pay would result in harm to her family members. After she closed her salon, she started selling confections from her nearby home for approximately one year, but it was not enough to support her children. She never received another threat and was never physically harmed. However, she fears returning to Honduras because, according to her, gangs will kill people who close their businesses after receiving a demand for money.

The immigration judge (IJ) denied relief, finding that Estrada-Zambreno failed to demonstrate past persecution of a well-founded fear of future persecution, and therefore was ineligible for asylum and also necessarily failed to meet the more demanding standard for withholding of removal. The Board of Immigration Appeals (BIA) adopted the IJ's decision and dismissed the appeal. These petitions for review followed.

Because the BIA adopted the IJ's decision, we review both the BIA's and IJ's decisions. *See Mikhael v. I.N.S.*, 115 F.3d 299, 302 (5th Cir. 1997). The BIA's legal conclusions are generally reviewed de novo. *Siwe v. Holder*, 742 F.3d 603, 607 (5th Cir. 2014). Factual findings are reviewed for substantial evidence, which means that the petitioner has "the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen v. Gonzales*, 470 F.3d 1131, 1134

(5th Cir. 2006).  The substantial evidence standard applies "in reviewing an IJ's factual conclusion that an applicant is" ineligible for asylum or withholding of removal.  *Id.*

Here, the evidence does not compel a finding of past persecution where Estrada-Zambreno received one note of extortion with a threat of harm.  *See Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012); *Chen*, 470 F.3d at 1134.  And the IJ and BIA reasonably concluded that, based on the record, Estrada-Zambreno failed to show that her subjective fear of future persecution is objectively reasonable.  *See Eduard v. Ashcroft*, 379 F.3d 182, 193 (5th Cir. 2004) (noting "the reasonableness of an alien's fear of persecution is reduced when his family remains in his native country unharmed for a long period of time after his departure").  Because we discern no reversible error in the IJ's determinations that Estrada-Zambreno failed to establish past persecution or a well-founded fear of future persecution, we need not address her additional argument that her proposed social group is cognizable.

For these reasons, the petitions for review are DENIED.